## Mutual Life Insurance Company of New York, et al. v. Miles.

(Decided November 16, 1917.)

### Appeal from Logan Circuit Court.

1. Appeal and Error—Pleading—Judgment.—A litigant is not called upon to resist a claim, which his adversary does not assert in his pleadings, and a judgment should not be rendered therefor.

2. Appeal and Error—Judgment—Upon What Based.—The pleadings define the issues, in an action, and the judgment of the court should be based upon a decision of the issues.

BROWDER & BROWDER and GRUBBS & GRUBBS for appellants.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing upon original and affirming upon the cross-appeal.

The appellant, Mutual Life Insurance Company, of New York, and A. P. Ballou, its manager, who sued for its benefit, and joined in the petition against the appellee, J. B. Miles, and sought to recover of him two sums of money. One was evidenced by the promissory note of the appellee for the sum of four hundred and fifty dollars, with interest from March 15, 1915, and which was executed by the appellee to the appellant, A. P. Ballou, who was manager of his co-appellant. The other sum, sought to be recovered, was the sum of two hundred and eight dollars and twenty-six cents, with interest from the first day of May, 1915, which was alleged to be the net premium due upon a life insurance policy, which was issued to one Riker, by the appellant, and which the appellee, as the agent of appellant, collected from Riker and appropriated to his own use. The entire premium collected by appellee from Riker was two hundred and sixty dollars and thirty-three cents, of which amount he was entitled, as a commission, to the sum of fifty-two dollars and seven cents.

The appellee, by his answer, which he, also, made a set-off and counter-claim against the appellant, admitted the receipt of the two hundred and eight dollars and twenty-six cents item, claimed in the petition, and further alleged that his contract to work as the agent of appellant began on the 21st day of December, 1914, and was to continue for one year thereafter, and that under the contract he was to have a commission of fifty per centum to seven per centum, of the first premiums, on all policies of insurance sold by him for the appellants, according to the grade of the policy, and a commission on renewals from the first to the fourth of twelve per cent. on the first two renewals and in some instances, six per cent. on a fourth renewal, and that a part of the contract was, that the appellant was to advance to him, the sum of two hundred dollars per month, and was furthermore, to receive the sum of three dollars, per thousand, on all insurance secured by his sub-agents, for the appellants, and that his sub-agents had secured for appellants seventy-seven thousand dollars of insurance, and for which he was entitled to receive the sum of two hundred and twenty-two dollars. He also, claimed two thousand dollars in damages, on account of a fire insurance business, which he had and which he claimed that appellants caused him to give up and lose. He claimed that appellants were due him upon the contract to advance two hundred dollars per

month, the sum of twenty-four hundred dollars, and two thousand dollars, damages for the loss of his fire insurance business, and two hundred and twenty-two dollars, on account of insurance written by his sub-agents, making in all a set-off and counter-claim to the amount of three thousand, seven hundred and thirty-seven dollars and sixty-seven cents, over and above the amount of the note and item of two hundred and eight dollars and twenty-six cents sued upon. Thereafter, he filed an amended answer, in which he averred, that the note, sued on was without consideration, and was given as a mere accommodation paper to the appellant, Ballou, to enable him to make a settlement with his company, but it was never intended by either of them that the note should ever be paid.

The appellants, by replies, simply traversed all the allegations of the answer, set-off and counter-claim, and the amended answer. The action was transferred from the ordinary to the equity side of the docket of the court, upon motion, and the proof was taken by depositions, and the action tried and disposed of as an equitable one. The appellee did not make any claim in his pleadings, that there were any commissions due him upon any insurance, which he had secured and written for appellants, and it will be observed, that he made no claim to having paid any part of the note sued on, nor of the item of two hundred and eight dollars and twenty-six cents sued for, but plead his failure to receive the advancements and the alleged three dollars, per thousand, on the insurance written by his sub-agents, and the damages on account of his fire insurance business, as a counter-claim and set-off to the matters plead in the petition.

The court adjudged that the appellants should recover upon the note sued on, and, also, the two hundred and eight dollars and twenty-six cent item, but adjudged that these sums should be credited by the sum of four hundred and twenty-five dollars and twenty-five cents, of commissions, to which the appellee was entitled upon the sum of thirty-one thousand and five hundred dollars of insurance, which the court found was written by appellee, as the agent for appellant, and the further sum of ninety-four dollars and fifty cents, which was the sum of three dollars, per thousand, for the thirty-one thousand and five hundred dollars of insurance written by appellee, and the further credit of twenty-eight dollars and fifty cents, which was the sum total of the sum of three dol-

lars, per thousand, upon each one thousand dollars of insurance written by the sub-agents of appellee. The appellee's counter-claim for twenty-four hundred dollars, on account of the advancements to which he claimed that he was entitled, was denied by the court, as well as the set-off of two thousand dollars, damages on account of the alleged loss of the profits of his fire insurance business. To so much of the judgment, as allowed the appellee credits of four hundred and twenty-five dollars and twenty-five cents, and ninety-four dollars and fifty cents, and twenty-eight dollars and fifty cents, making in the aggregate five hundred and forty-eight dollars and twenty-five cents, the appellants excepted; and to all of the judgment denying appellee's right of recovery for the twenty-four hundred dollar and two thousand dollar items claimed by him, and refusing to allow him further credits, which he alleged he claimed in his answer, the appellee excepted.

From the judgment the appellants have appealed and the appellee has taken a cross-appeal.

(a)    There having been no exception taken to the judgment, rendered in favor of appellants, for the four hundred and fifty dollars, with its interest, evidenced by the promissory note of appellee, and the two hundred and eight dollars and twenty-six cents, premium collected and retained by him, there is no reason to disturb the judgment to that extent.

(b)    The issue was made in the pleadings as to the claim of appellee to recover on his counter-claim the sum of twenty-four hundred dollars, which he claimed he was entitled to receive, at the rate of two hundred dollars, per month, as advancements, and it is presumed that the parties fully prepared the case for trial upon that issue to the extent, they desired. The evidence shows, that the promise of the advancements was predicated upon the condition, that the appellee would secure insurance for the appellants, to the amount of fifty thousand dollars, during each ninety days of the term of his contract. He commenced to work at the date of his contract, and continued until the first of July, of the next year, when he notified the appellants of his purpose to quit, and thereafter ceased to work under the contract. It does not appear, that he was required to quit by the appellants, or that any failure on the part of them to perform their obligations justified his quitting the employment. He was advanced two hundred dollars during the

month of January, the same sum during the month of February, and in the month of March was advanced the sum of fifty dollars, and for these sums he executed the note sued on. The proof fails to show that he secured the fifty thousand dollars of insurance for appellants during any ninety days, that he continued in their employment. It is, further, shown, without contradiction, that, at the time the note, sued on, was executed, the agreement to make the advancement of two hundred dollars, per month, was changed by agreement of the parties, and instead of that sum, it was then agreed, that the appellants should advance to him the sum of twenty dollars, per week, for his traveling expenses after that time, and he admits, that after that time and until he quit the employment, he received that sum from them for his expenses. It is difficult to understand upon what ground appellee bases his claim to recover a sum equal to the advancements, which he claims that he ought to have received. He claims, however, that it was a salary, which he was to be paid, but all the evidence shows, that this claim is groundless, and that the advancements were simply sums promised by the appellants to assist him, and were to be repaid to them out of the commissions earned by him in the business. As he failed to perform the conditions upon which the advancements were to be made, and voluntarily entered into another agreement, by which the amounts were reduced to twenty dollars, per week, and received that amount until he ceased to perform the contract of his employment, and, furthermore, he does not allege or prove any damages, which resulted to him from his failure to receive the advancement of two hundred dollars, per month, the chancellor properly denied him any relief upon that claim.

(c) It seems from the terms of the contract on file, that the appellee was to devote his entire time to the performance of his contract with the appellants. He was engaged, as the agent of several fire insurance companies, when he entered into the contract with appellants, and thereafter retained the business, except that he employed two persons to do the work necessary in the business. After two months or more, the appellants' manager made complaint to appellee of the fact, that he was conducting the fire insurance business, and not devoting all of his time to the performance of his contract, when the appellee disposed of the fire insurance business. The proof does not show that appellee was making or would have made any profits from his fire insurance business,

conducted as it was, and was engaged in it contrary to the stipulations of his contract with the appellants, and voluntarily disposed of it, because he preferred the contract with appellants, and hence, his set-off for damages on account of his fire insurance business was properly denied.

(d)   The appellee, by his pleadings, did not claim that there were any commissions due him for insurance written by him for appellants, and did not seek any recovery against appellants on account of any claim, that any commissions, to which he was entitled, had not been paid to him. Neither did he make any claim to the three dollars, per thousand, for insurance procured and written by himself for appellants, or that any part of the sum to which the three dollars, per thousand, upon the insurance written by him would amount to, had not been received by him. Hence, there was no issue made between the parties as to the item of commissions or the item of three dollars, per thousand, upon insurance written by the appellee, nor was there any issue made in the pleadings as to his right to receive three dollars, per thousand, in addition to his commissions, upon insurance written by him. The appellants relying upon the state of the pleadings, as they were justified in doing, do not seem to have entered into the taking of any proof upon the question, as to whether or not any commissions were yet due the appellee, and they were justified in failing to demonstrate whether or not the appellee had been paid the three dollars, per thousand, upon insurance secured by appellee, if he was entitled to same, as he did not claim any such indebtedness to him in his answer, set-off or counter-claim. The only claim made in the answer and counter-claim for the three dollars, per thousand, to be paid to him, was an averment, that he was to receive such sum upon insurance written by his sub-agents. A litigant is not required to prepare his defense against a claim, which his adversary does not assert, in his pleadings, and does not seek to recover of him. This is not a state of case, where the parties have voluntarily tried the case, as though issues had been made, and are therefore now precluded from objecting to the court treating it in the same way, as the evidence taken was all competent in a way, and relevant upon the issues, which the pleadings did make. The appellee claims, that the amount of unpaid commissions very greatly exceeds the sum of four hundred and twenty-five

dollars and twenty-five cents, the amount allowed by the court, and that the additional amount of three dollars, per thousand, to which he is entitled and which has not been paid, exceeds the ninety-four dollars and fifty cents, allowed by the court upon that item, but under the state of the pleadings, the court should not have rendered any judgment for the commissions nor the ninety-four dollars and fifty cent item. Hence, the judgment to that extent must be reversed upon the appeal, but in all other things it is affirmed upon the appeal and cross-appeal.

To ascertain the sum of the commissions, if anything, to which the appellee is entitled, would involve a showing of the amount of insurance secured by appellee for appellant, either alone or jointly with other agents, and in the latter instance, the portion of the commissions to which he was entitled; the character of policy and the per centum of the premium to which he was entitled, as commission, and, if he can show himself entitled, under his contract, to three dollars, per thousand, upon the insurance secured by him for appellants, this would, also, involve the amount of such insurance. To ascertain the amount of recovery to which he will be entitled, on account of commissions and the three dollars per thousand, claimed by him, upon the insurance secured by him, it will be necessary to ascertain whether he has already been paid these commissions and sums for overwriting, or what amounts he retained or has been properly credited by, if any. By the terms of the contract, he was not entitled to a commission upon renewals, unless he was in the employment of the appellant, at the time of the payment of the renewals. In as much as confusion seems to have arisen, as to the rights of the appellee, under the pleadings, when the cause is returned to the court below, the appellee, if he desires to do so, should be permitted to amend his pleadings, and the parties to make an issue as to the commissions due appellee, if any, as well as to his right to the sum of three dollars, per thousand, upon the insurance secured by him, and whether it has been paid to him, and after a reference, under a proper order, to a commissioner, to credit the judgment against appellee by the sums found to be due him, if any. The cause is now remanded for proceedings consistent with this opinion.