## Hopkins, et al. v. Layne, et al.

(Decided February 13, 1925.)

### Appeal from Floyd Circuit Court.

1. **Appeal and Error—Party on whom Summons Not Served, and who did Not Appear, was Not Proper Party to Appeal.**—Party on whom summons was not served, and who did not enter his appearance, and was not before the trial court, except to testify as witness, was not a proper party to appeal, though named as party appellant.

2. **Boundaries—Evidence Held to Sustain Judgment Fixing Location of Beginning of Survey.**—Evidence held to sustain judgment fixing location of beginning of survey.

3. **Boundaries—Judgment Properly Rendered in Favor of Party to Boundary Dispute, though he did Not Show Title from Commonwealth.**—Where adjoining owners did not deny each other's title, but merely denied the other's title to a narrow strip and treated

the action as one involving merely a boundary dispute, failure
of one to show title from Commonwealth did not preclude court
from giving judgment in his favor, though each asked to have
his title quieted.

4. Appeal and Error—Case Cannot be Considered on Appeal on
theory Other than that on which it was Tried in Lower Court.—
Where action between adjoining owner was treated by the parties
in lower court as involving merely a boundary dispute, and not
as a suit to quiet title, attack cannot be made on judgment on
appeal, on ground that suit was one to quiet title, in which litigant
could not recover without showing title from Commonwealth.

A. J. MAY and E. D. STEPHENSON for appellants.

W. W. WILLIAMS, B. M. JAMES, GOBLE & WILLIAMS and
O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Out of the disputed location of the boundary line
between the lands of these parties grew this litigation,
and appellant, J. C. Hopkins, is here because he feels
that the trial court erred in locating the line as claimed
by the appellees. James Hatcher is named as a
party appellant, but the summons issued for him by the
trial court on Hopkins' plea that he be made a party to
this suit was never executed, so far as the record shows.
Hatcher did not enter his appearance, and was not be-
fore the trial court, except to testify as a witness. He
is not a proper party to this appeal, and we shall disre-
gard him in this opinion.

The tract of land owned by appellees is composed of
two patents; one was issued to Richard Stratton on Jan-
uary 4, 1819, the other to Charley Friend on April 11,
1825, while appellant is the owner of a tract of land that
was patented to John Hatcher January 1, 1839.

Appellant is the remote grantee of one S. M. Fergu-
son, who had bought this land of Colbert Cecil. When
Cecil sued Ferguson upon a purchase money note, Fer-
guson in his answer asserted that there was a conflict
between the Hatcher patent and the Friend patent, and
that on account of such conflict there should be a credit
given him on this purchase money. The matter was heard
in the Boyd circuit court on June 15, 1885, and in that
judgment we find this:

"It is adjudged that the defendant, Ferguson,
on his answer and counterclaim is entitled to an

abatement for the amount of the conflict between the C. W. Friend patent for 50 acres and the boundary deeded defendant by plaintiff, Cecil, the amount of which conflict is sixteen acres.''

That disposed of the question of conflict as to those patents. Appellant says nothing in his brief about the finding as to the one-acre piece or the value of the timber cut by appellant, so there is left in question here simply the location of the line between the Stratton patent and the Hatcher patent. The important thing is to locate the point on the east bank of the Levisa fork of the Big Sandy river at which these surveys begin.

The point claimed by appellant as the corner is 121 feet north or down the river from the point which appellees claim, which the trial court found to be the true corner, and which the judgment fixed as ''the Preston corner.'' The probable cause of this suit was a shift or change in the mouth of Cold Water creek, as a result of which it empties into the river something like 100 feet north of where it formerly did. Beginning at the point fixed by the court and running the lines of these lands, there are found two corner trees, well marked, and also a marked tree on one of the lines. Beginning at point claimed by appellant and running the lines, no monuments of any kind are found at any point near the disputed territory. The court's judgment as to location of this beginning corner is not only supported by the witnesses, but by these marked trees.

Appellant contends that this judgment must be reversed because in a suit to quiet title a litigant can only recover by reason of his own superior title, and that as the appellees did not show title from the Commonwealth they cannot recover. That question, however, is not here. This case is simply a dispute over the location of the line between the land owned by appellant and the land owned by appellees. This case was so treated by the parties in the trial court, and they should not here assume an attitude inconsistent with that taken in the trial court. Dodd v. P. C. C. & St. L. R. Co., 127 Ky. 762, 106 S. W. 787; Mutual Life Ins. Co. of N. Y. v. Miles, 762, 106 S. W. 787, 32 K. L. R. 605; 16 L. R. A. (N. S.) 898; Mutual Life Ins. Co. of N. Y. v. Miles, 177 Ky. 750, 198 S. W. 30; Shrout v. C. & O. Ry. Co., 157 Ky. 1, 162 S. W. 97.

These old men are quarreling over a strip of mountain land 121 feet wide and less than 1,400 feet long. They do not deny each other's title. Each describes his tract of land and denies that the other has any interest in it; the appellees do not deny that appellant owns the Hatcher survey, and appellant does not deny that the appellees own the Stratton and Friend surveys. The only question on the pleadings is, where does the Stratton survey stop and the Hatcher survey begin?

With the exception of the surveyors, the witnesses who testify in this case are all old men; the average age of all of them is more than three score years and ten. By them these parties prove abundantly that both appellant and appellees and those under whom they claim have been in possession of their respective tracts of land not only for more than fifteen years, and more than thirty years, but this possession is shown to be a matter whereof the memory of man runneth not to the contrary. When asked about this possession the answer often was, "Since I was a little boy." Each one establishes his possession and establishes it abundantly as to the tract he is claiming, and the evidence shows that the appellees have had practically all of this disputed strip fenced in and enclosed for more than thirty years. The appellees now have an orchard, eighteen years old, growing on this disputed strip, and this orchard was planted to take the place of an older one. Each of these parties asked to have his title quieted. The trial court, by reason of their having done this, acquired jurisdiction of the entire controversy, and properly and correctly decided the case. Appellant cannot now complain that the court settled a controversy which he asked it to settle simply because it was settled against him. Sackett v. Jeffries, et al., 182 Ky. 696, 207 S. W. 454.

The judgment is affirmed.