Reversing.
This action was instituted by appellant, Martin L. Johnson, who for cause of action alleged that he owned and was in possession of certain described lands which appellee was wrongfully and unlawfully claiming; and he sought to be adjudged to own the land in question and to have his title quieted of appellee's claim. Appellee *Page 589 
answered, denied appellant's claim, asserted ownership in himself, and, by way of counterclaim, sought to quiet his title of appellant's claims. On appellant's motion his petition was dismissed without prejudice; but the action proceeded and the judgment herein was rendered on appellee's counterclaim, the chancellor concluding that he was entitled to the relief he sought. Hence the appeal.
As the case was tried the burden was upon appellee to establish his ownership and possession of the land described in his counterclaim. The case does not, as appellee insists, fall within the doctrine announced in Hopkins v. Lane, 207 Ky. 275,269 S.W. 336, that where there is a mere dispute at to the correct location of the dividing boundary line between two tracts of land and no issue is made as to the respective parties owning the title of their respective lands, it is unnecessary to introduce the record evidence of title. Under the pleadings herein appellee averred that he was the owner of the lands described therein, as well as the other facts necessary to authorize the court to quiet his title, all of which appellant denied. Affirmatively he pleaded that he was the owner of the same lands. In that state of case it was clearly incumbent upon appellee to establish his title by proof in the usual way. He claims the record title of the land described in his petition under the Cornelius Osborne survey of 90 acres. He failed to file herein as evidence a copy of the patent which issued on the Cornelius Osborne survey. Hence he failed to establish a chain of title from himself through his predecessors in title back to the Commonwealth, and his claim to record title fails. He insists, however, that his plea of title by adverse possession was sustained by the proof herein. To that contention we can not agree. The copy of the Cornelius Osborne survey found in the record describes that tract of land by metes and bounds. None of the deeds under which appellant claims title contains a description by metes and bounds of the land conveyed. On the other hand the descriptions they give are exceedingly general, vague and indefinite in their terms, and they can not be said to be well defined boundaries within the rule whereby one claiming under color of title to a well defined boundary by taking actual possession of any part of the boundary thereby extends his possession to its utmost confines. It does not appear from the testimony herein that any one ever had an actual residence upon any part of the land in controversy, or that any of it has *Page 590 
ever been' cleared or cultivated or inclosed. There is a total failure of proof that appellee and those under whom he claims have ever had actual possession of any of the land described in appellee's counterclaim. Consequently, appellee wholly failed to sustain the burden of establishing by proof his title and possession of the tract of land which he sought herein to have himself adjudged to own, and consequently the chancellor erroneously awarded him the relief he sought.
The judgment herein is reversed and this cause is remanded with direction that appellee's counterclaim be dismissed.
Judgment reversed.