**E. M. MOORE et al., Appellants,**

v.

**C. B. BATES, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1960.

Clark Pratt, Hindman, for appellants.
D. G. Boleyn, Hazard, for appellee.

STANLEY, Commissioner.

We have a motion for an appeal from a judgment, the major part of which is favorable to the movants.

C. B. Bates, appellee herein, sued Sam J. Hall and his wife on their promissory note for $1,100 with interest from its date, December 11, 1951, and for the enforcement of a mortgage upon a tract of 1½ acres securing its payment. The appellants, E. M. Moore and wife, named defendants

in the action, were alleged to be claiming "some kind of lien" on the property, but it was averred that it was inferior to plaintiff's mortgage. The plaintiff prayed for the recovery of his debt and enforcement of his mortgage and that Moore and wife be required to assert any lien they might have on the property, but that such lien be adjudged inferior to the plaintiff's mortgage.

Hall and wife did not answer.

There is a paper in the record signed by an attorney for Moore, styled "Response to plaintiff's motion," which was filed on January 13, 1957, at which time no motion of any kind had been filed by the plaintiff. This "Response" stated that Hall was indebted to Moore in the "total sum of $1,675, less $18 interest on one of his notes." The "Response" contained a prayer that in the event a sale of the real estate should be ordered, Moore be adjudged a prior lien for that amount. The "Response" was never served on Hall, but was served on plaintiff's attorney on *June* 13, 1957.

On January 24 plaintiff filed a motion for a default judgment, and it was entered on January 25. Soon thereafter Moore filed a motion to set it aside. No action was taken by the court. Then Moore filed an answer and counterclaim in which he traversed the allegations of the complaint "except those hereinafter specifically admitted." None was ever admitted. Moore set up in his counterclaim a vendor's lien on the property described in the complaint by virtue of the terms of KRS 382.070, which, though stated in the negative, declares, in effect, that a vendor of land shall have a lien thereon for the unpaid consideration if the sum is stated in the conveyance. The deed from Moore to Hall, dated April 23, 1951, recites the consideration therefor as being $300 cash and nine notes of $300 each, maturing from one to nine years respectively. Moore only prayed that he be adjudged a first and prior lien over the plaintiff's mortgage claim.

The counterclaim, filed in February, 1957, does not reveal what, if any, part of the recited unpaid consideration remained unsatisfied; nor does it seek any judgment against Hall or the enforcement of the asserted statutory lien. No summons was issued against Hall, and he was not before the court in personam on his codefendant's pleading.

Another unusual instrument bears the style of the case with Hall as a defendant and reads as follows:

"To the Sheriff of Pike County The Commonwealth of Kentucky to the above-named-defendant:

"You are hereby summoned and required to serve upon D. G. Boleyn, plaintiff's attorney, whose address is Hazard, Kentucky, an answer to the complaint herein, within 20 days after service of this summons upon you, exclusive of the day of the service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

"Witness my hand as Clerk of said Court, this 6th day of March, 1957.

"R. B. Bates, Clerk"

A deputy sheriff returned it "Served," without stating upon whom.

Without expressly vacating the former default judgment, the judgment appealed was rendered on the pleadings and affidavits pertaining to Bates' actual knowledge of Moore's vendor's lien when he accepted Hall's mortgage. The judgment is for the plaintiff, Bates, on his complaint against Hall for his mortgage debt of $1,100 and is for Moore against Hall for $1,675, with interest, although, as stated above, Hall was not before the court in personam on Moore's pleading and no amount was stated or demanded by him except in the ineffectual paper styled, "Response to plaintiff's motion." It was further adjudged "that of the claim and judgment of the defendants, E. M. Moore and Eliza Moore, $175 was due and payable on April 23, 1955, $300 with interest on April 23, 1956, $300 on April 23, 1957, and $300 with interest on April 23,

1958, and of this amount the defendants' lien is superior and prior to the lien of C. B. Bates." These figures and facts are not revealed in the record before us. It was further adjudged that "the claim of C. B. Bates is superior to the remainder of the claim of the defendants, E. M. Moore and Eliza Moore." A sale of the property was ordered to be made by the Master Commissioner.

The appellee, Bates, has moved the court to dismiss Moore's appeal (1) because Hall, the debtor whose land has been ordered sold, is not a party to the appeal, and (2) because Moore cannot be heard to complain of a judgment which is more favorable to him than what he is entitled to.

 As to the first ground, it is to be considered that Hall was not before the trial court in personam on Moore's "counterclaim," and so far as this record shows, Hall had no knowledge of Moore's claims against him or his land. A party named in an action but not before the trial court is not a proper party to an appeal from the judgment and may be disregarded. Hopkins v. Layne, 207 Ky. 275, 269 S.W. 336.

As to the second ground, it is apparent that Moore has a form of judgment more favorable to him than the record authorized. But it does not appear that the appellee, Bates, challenged the existence or validity of Moore's claim to a lien on the property, although it may be said there was an issue between them as to priority of their respectively claimed liens. On this issue the judgment is in part adverse to the appellant Moore. Obviously, we are not here concerned with Moore's judgment against Hall. Bates was entitled to the judgment against Hall for his debt and the enforcement of his mortgage lien for $1,100 and interest. We are not concerned here with that either. But there is nothing in the record to support the judgment that Bates had a lien in any sum superior to that asserted by Moore in his counterclaim against Bates, except Moore's ineffectual

and illegitimate "Response to Plaintiff's Motion," above described, stating that Hall owed him $1,675, less $18. In short, the judgment makes no declaration as to how much Moore's vendee owes him or the amount of his vendor's lien, except by implication of $1,075 and interest. The judgment is erroneous for want of supporting evidence that Bates' mortgage lien is superior for any sum to Moore's vendor's lien.

The state of the record and the judgment confound confusion. The judgment awards relief not sought and adjudicates rights for which there was no supporting pleading or evidence. We conclude it should be reversed and the case remanded for appropriate proceedings, notwithstanding it appears prima facie the appellant prevailed in major part.

The motion for an appeal is sustained and the judgment is

Reversed.