**Estll MARTIN et al., Appellants,**

**v.**

**KENTUCKY WEST VIRGINIA GAS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 25, 1965.

Rehearing Denied April 22, 1966.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, Clifford Martin, Baltimore, Md., Joseph J. Leary, Rudy Yessin, Frankfort, for appellants.

Paul C. Combs, C. Kilmer Combs, Prestonsburg, Boyle, Bilby, Thompson & Shoenhair, Tucson, Ariz., Francis L. Rice, Pikeville, Donald Harkins, Danville, for appellees.

CLAY, Commissioner.

This action involves conflicting claims to mineral rights in a tract of land in Knott County. Appellees trace their title to the Commonwealth. Appellants' claim ultimately must be based on adverse possession (although several deeds are involved).

Appellants claim through Louanza Hall, the wife of the grantor through whom appellees claim. No actual adverse possession was proved. Her title, if any, was based on constructive possession of a certain boundary traceable to a deed from William Johnson to John Johnson, dated 1824. The description in that deed began at a certain point on the west side of Beaver Creek, thence running up the creek to a "conditional line". No other boundaries are described. Even if it was not obvious on the face

of the deed, there was substantial evidence that this description was so vague and uncertain that the tract covered by this deed could not be ascertained.

 The claim of adverse possession under color of title must be to well defined boundaries. Johnson v. Johnson, 213 Ky. 588, 281 S.W. 542. We do not have that here.

Even assuming Louanza could have claimed possession under color of title, it would be difficult to find it adverse as to her husband, with whom she lived.

Some question was raised in the case concerning whether appellees were estopped to deny title by virtue of an earlier oil and gas lease, but this contention is presented by only one sentence in appellants' brief and we find no merit in it.

The findings of the Chancellor indicate that careful consideration was given to the many issues raised in this case and it is not shown that his findings of fact were clearly erroneous or that his conclusions of law were incorrect.

The judgment is affirmed.