## Cunagin v. Parker.

October 18, 1946.

William Lewis & Son for appellant.

A. T. W. Manning (deceased), C. R. Luker and J. M. Luker for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The pleadings in this case of trespass raised several issues, including the existence of a 20 foot strip from a county road to a family graveyard of the plaintiff, Dan Cunagin. With the express admission of C. L. Parker, the defendant, in his testimony that the plaintiff does own such a strip of land, which he had recognized in the erection of a wire fence, the sole question became that of its location, and that depended on whether it is to be measured from the south side of an old, narrow wagon trail, so as to include it, or from the north side, so as to exclude it. The circuit court dismissed the petition.

The record is almost incomprehensible. First, because of the indefinite descriptions in the deeds introduced in evidence; secondly, the absence of a map or even a rough diagram, which might have been made in elucidation of the testimony, particularly that of a survey of the defendant's land which was made just prior to or during the trial of the case; and, thirdly, the general and indefinite statements of the witnesses, who seem to have assumed that the court knew as much about the lay of the land and the boundaries as they did.

Cunagin owned his ancestral home, including the family graveyard. On February 16, 1920, he conveyed to Henry Dalton 20 acres by a deed which calls for only three lines and corners but without distances. One of the lines is: "Beginning on a stone near John Harris gate, thence running eastwardly parallel with the old fence of Dan Cunagin so as to leave 20 feet of space till it reaches Woodson King's line." This left title of the 20 foot strip south of the old fence, from one point to the other in the grantor, Cunagin. The purpose was to leave a roadway about a quarter of a mile long from the county

road to the graveyard. On August 11, 1921, this parcel was conveyed by Dalton to Lilly Nelson and children, the description being the same.

A few years later Cunagin sold a tract to John Wilson and his son, John, Jr. He claims he executed a deed to them which was not recorded, but the evidence of the defendant (hearsay) is to the effect that Cunagin gave them only a title bond, and the trial court so found. The Wilsons traded the parcel to the defendant, Parker. At their request, Cunagin executed a deed directly to Parker on his paying the balance of $75 due on the land from the Wilsons. The description is general, such as northwardly to certain corner, thence down a drain and with the lines of adjoining property, etc. It continues, "thence eastward course with Buck Cunagin's line (the plaintiff) to a stone, it being W. D. King's line, thence westward course to Lilly Nelson's line, thence with the ridge road giving a 20 foot roadbed to Cam Napier's line and corner," etc.

The plaintiff insists that Dalton, before he sold to the Nelsons, had established a wagon trail or roadway for his own convenience on his own property south of and adjacent to the 20 foot strip reserved by Cunagin, and that he had later abandoned a part of that road for a building site; that this trail does not lead all the way from the county road to the graveyard; that he, Cunagin, has no interest whatever in it and it may be closed by Nelson or whoever owns the land; that he would then be shut off from access to his graveyard. He insists that the old fence, removed long ago, was on the north edge of the Dalton-Nelson land and that he had reserved title to the 20 feet north of it in the sale to the Wilsons and the conveyance to Parker. The court was of the opinion that this old fence was on the other side and the roadway or wagon trail which Cunagin says was a private roadway on the Dalton-Nelson parcel was on this identical 20 feet between the site of the old rail fence and the land conveyed to Dalton seven years before the conveyance to Parker. The Parker deed, it is noted, refers to a ridge road as a boundary line, which implies its exclusion.

The defendant had erected a wire fence on what he claimed to be his boundary line by measuring 22 feet from the south edge of the obscure wagon trail. Accord-

ing to Cunagin that line is 20 feet from the north edge of the trail. It appears that there are trees on this strip of land in dispute, some of which have been cut by Parker.

The trial court was of the opinion that to sustain Cunagin would establish two 20 foot strips of land between Parker and the Dalton-Nelson property; that the ambiguity and uncertainty should be resolved against Cunagin, the plaintiff, upon whom the burden rested. The judgment merely dismissed the petition. The appellant vigorously assails that conclusion and insists that the judge has wholly misconstrued the evidence; that he does not claim and that there was not in fact two adjacent strips of land. As we understand his argument, he insists that the court has in effect undertaken to allot him title to a strip of the Nelson property.

Plaintiff has pleaded and testified that the word "giving" in the description of the line involved, as "giving a 20 foot roadbed," was written "reserving" in the deed and it had been changed during the eleven years it was withheld from record. The defendant testified the original had been lost shortly after being put to record on April 16, 1939. The court found otherwise. Considering the indefiniteness and inaptness of the language of the deeds, it is not difficult to believe that the word "giving" was intended to convey the idea that there would be left to the grantor a 20 foot strip between the land being deeded to Parker and that which had been theretofore deeded to Dalton. But whether that was on the land conveyed to Parker or between that tract and the Dalton tract is the question in the case.

We are impressed with two facts. One, that from the time the Dalton deed was made, Cunagin has actively and emphatically maintained his ownership of a strip of land along here, and that his claim held up on one occasion and on another prevented a sale and transfer of land affected by it. The other fact is that the evidence is practically uncontradicted that the old wagon trail on the land which Parker so belatedly conceded as belonging to Cunagin does not go all the way to the graveyard. All of the evidence, including that of Parker and the scrivener of the deed, shows that Cunagin's purpose has always been to keep the way open by reserving the fee-simple title in himself. It may be that the strips of

land are the same for part of the way. One may be short and the other long. We can not tell, for the record nowhere discloses the distances between the ends of either.

On the other hand, we have the decision of the chancellor upon the confusing record and the fact that trouble has arisen from the character of descriptions which the plaintiff, Cunagin, put in his two deeds, and any ambiguity should be resolved against him.

The case presented both a claim and counterclaim as to the location of the strip of land and each party asked that it be established. There was some burden upon each of them. The sole issue, as we have said, was the location of a 20 foot strip north of the Dalton-Nelson property. The judgment leaves that undecided. We think the ends of justice require that the judgment be reversed in order that another may be entered definitely settling the controversy. The court may require or permit surveys and further evidence to enable it to do so.

Judgment reversed.