## Jones v. Wheeldon et al.

January 18, 1949.

Gladstone Wesley and W. R. Jones for appellant.

H. C. Kennedy for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This is a suit to determine the correct boundary line

between the tracts of land belonging to appellant and appellees. The petition filed by appellees describes the tract belonging to them and alleges that appellant is the owner of a tract adjacent to and on the northeast side of appellees' tract; that within the last five years appellant, or his agents, servants or employees, has crossed over the proper division line onto appellees' land and taken possession of a certain strip of land about forty or fifty yards wide and about ninety poles long and has unlawfully cut and removed therefrom for his own use twenty-five marketable trees of various sizes and kinds of the value of $200 and in doing so has damaged other growing timber in the sum of $100. Appellees pray that they be adjudged owners of the tract of land; that the court adjudge the correct line between the tracts of appellant and appellees and pray for damages in the sum of $300 for timber cut and damaged. Appellant filed his answer denying the allegations of the petition, describes the adjacent tract of land to which he claims title, alleges that the line in dispute is so located that the strip of land on which the trees were cut belongs to appellant and prays that he be adjudged the rightful owner of the strip of land in controversy. A reply made up the issues. On a trial of the issues the jury brought in a verdict for appellees and awarded them damages in the sum of $100 for the timber cut by appellant. This appeal is prosecuted from a judgment based upon that verdict.

The only ground upon which reversal is asked is that the lower court should have given a peremptory instruction in favor of appellant for these reasons: that appellees failed to show title in themselves, that they failed to trace title back to the Commonwealth and that the verdict is not supported by the evidence.

It is, of course, a rule universally recognized that in an action to recover land the plaintiff must recover on the strength of his own title and not by weakness of the title of his adversary. Unless he is relying on adverse possession for more than fifteen years, he must show paper title back to the Commonwealth or back to a common grantor. Ratcliff v. Coleman, 241 Ky. 791, 45 S. W. 2d 493. However, that is not necessary where the controversy involved is merely the correct location of the boundary line between the parties. Hopkins v.

Layne, 207 Ky. 275, 269 S. W. 336. As we view this case it is a dispute between the parties as to their boundary line. They do not deny each other's title. Each describes his tract of land in the pleadings and denies the other has any interest in it. Only one or two calls are in dispute in each title and these calls have remained the same in all conveyances shown in the record, those of appellees back to 1866 and those of appellant back to 1894. In appellees' deeds the disputed call reads, ''Beginning at a white oak and dogwood, thence N. 50½ W 156 poles to a *sugar tree*, thence S 39 W 104 Poles to a sycamore.'' In appellant's deeds the disputed call reads, ''Beginning on a beech and old corner of Gooch and Reynolds, thence running S 80 E 28 poles to a *sugar tree*, William Reynolds old corner, thence with his line S 39 W 66 poles to an ash in the north bank of Buck Creek.'' (Our italics.) The dispute still further narrows down to the location of the sugar tree referred to in each of the above descriptions. If the sugar tree, now long since gone, was located at the place where appellees claim it was and the line runs S 39 W 104 poles from that point to the sycamore referred to in appellees' description, then the strip in dispute is part of appellees' tract which has been in the Wheeldon family since 1866. If the sugar tree referred to was located some distance further east at what appellant contends is the Wilson corner referred to in his description, then the strip in dispute is part of appellant's tract to which he has record title back to 1894. Much proof was produced by both sides to support their respective contentions. This proof consisted of the testimony of old residents, crude plats, one of which was on wall paper, rough surveys, etc. Needless to say, the testimony is highly conflicting and after reading it all carefully, we are as much in doubt as when we began. One thing which contributed to this doubt and lack of clarity in the testimony was the habit, so often condemned by this court, of the witnesses' reference to certain points on a chart, plat or survey but without in some way identifying on the chart and in the testimony the point to which they refer. The jury and the trial court could no doubt connect up the testimony with the points on the plats before them referred to but they don't mean a thing when we read the testimony in this court in connection with the plats.

On this disputed question of fact, the case was submitted to the jury on clear instructions which are not complained of in this appeal. By instruction No. 1, appellees' theory of the case was submitted to the jury in the following language:

"If the jury believe from the evidence that the correct line between the lands of the parties begins at the sugar tree as located by the plaintiff as a corner tree, and runs S 39 W 104 poles to a sycamore as claimed by the plaintiff as a corner, then you should find for the plaintiff."

By instruction No. 4 appellant's theory of the case was submitted in the following language:

"But if the jury do not believe from the evidence that the state of case set out in instruction 1 above, but should believe from the evidence that the true line between the lands of the parties begins at the sugar tree corner claimed by the defendants, and runs S 39 W 66 poles to an ash on the north bank of Buck Creek, then you should find for the defendants."

Questions of adverse possession and damages, raised by the pleadings and proof, were submitted under other instructions not complained of on appeal. It is the province of the jury to determine the weight and credibility of the testimony and this court will not reverse their decision when the evidence is conflicting as in this case. We cannot say that the verdict is not supported by the evidence or that appellees failed to show title in themselves as a result of the location of the disputed boundary line.

The judgment is therefore affirmed.