Garrett WHITE, Appellant,

v.

Worley HOWARD et al., Appellees.

Court of Appeals of Kentucky.

Oct. 1, 1965.

D. G. Boleyn, S. E. Duff, Hazard, for appellant.

Harold Garland Wells, Hazard, for appellees.

PALMORE, Judge.

The appellant, Garrett White, brought this suit against the appellees, Worley Howard and wife, Zola Howard, to quiet his title to a 25-acre tract of land near Grapevine Creek in Perry County. The Howards counterclaimed for similar relief with respect to their adjacent property and demanded damages for the wrongful cutting of timber. In the beginning the dispute was confined to one boundary line, but as the evidence developed during the course of taking depositions it spread to two other areas, with the result that White eventually filed an amended complaint alleging that the Howards were claiming the very land on which his house and barn are located. Upon submission of the case the trial court found the boundaries to be as contended by the Howards, awarded them $25 on the counterclaim, and dismissed White's complaint and amended complaint. Hence this appeal.

The 25-acre tract originally was part of a larger tract of land owned by the Howards. They conveyed it to their son and his wife, Ralph and Lena Howard, in 1952. In the following year, 1953, having moved to Indiana, Ralph and Lena sold it to White, and in the same deed conveyed him a 1-acre tract they had acquired from Elvin White and wife in 1947. The 1-acre lot is not in dispute but is of importance as a boundary reference in the description of the 25 acres.

■ We need not discuss in detail any of the trial court's findings except those pertinent to the triangular area on which Garrett White's house and barn are located. There being substantial and credible evidence both ways on the other boundaries in issue, CR 52.01 seals those findings against appellate intervention. But with respect to the triangular portion we are of the opinion that the findings were clearly erroneous. CR 52.01.

For an understanding of this phase of the case a brief description of the topography is necessary.

Grapevine Creek in this vicinity runs from southeast to northwest. Charley Fork runs almost due north and empties into Grapevine Creek from the south. The ravine or defile through which Charley Fork flows as it approaches the creek is called Charley Cove, or Charley Hollow. Charley Fork is sometimes referred to as a drain, or the main drain, there being another and smaller drain which empties into it and forms one of the other two boundaries in dispute.

The 1-acre lot acquired by the Ralph Howards from Elvin White in 1947 and conveyed to Garrett White in 1953 by the same deed in which the 25 acres were conveyed is located at the mouth of Charley Fork, on the south side of Grapevine Creek and east or left-hand side of Charley Fork. Its description runs counterclockwise and is as follows (emphasis added):

"Beginning on a sycamore tree at the mouth of Charlie Fork; thence up the Charlie Fork as it meanders approximately 150 yards to *a rock marked x;* thence *straight around the hill* binding on Worley Howard's land approximately 70 yards to *a rock marked x;* thence a straight line down the hill to a rock marked x on the south bank of Grape-

vine Creek; thence down the creek back to the beginning, containing one acre, more or less."

The description of the 25 acres contained in the 1952 and 1953 deeds from the Worley Howards to the Ralph Howards and from the latter to Garrett White runs clockwise and is as follows (emphasis added):

"Beginning at *the corner of the Elvin White* and Worley Howard line at *a rock marked x;* thence a straight line binding on Worley Howard land to a drain and a big rock marked x, approximately 200 yards; thence up the drain [1] as it meanders to a black oak in angle to middle of field; thence a straight line to top of the hill to a rock marked x; thence down the ridge binding on the Campbell line to the corner of Nan Napier line to a cherry tree; thence a straight line down the hill binding on said Nan Napier land approximately 185 yards to a rock marked x; thence turn straight back to [2] the head of Charley Cove approximately 185 yards; thence a straight line down the hill to *main hollow* and a *rock marked x;* thence *straight around the hill* to the beginning. Containing 25 acres, more or less."

The disputed triangle is the area bounded on the north by the 1-acre lot, on the west by Charley Fork, and on the east by a line running southwestwardly from the southeast corner of the 1-acre lot to the point on Charley Fork identified in the first call of the 25-acre description as "a drain and a big rock marked x, approximately 200 yards."

The Howards contend, and the trial court in substance found, that the 25-acre tract is not contiguous to the 1-acre lot, but is situated entirely on the west or right-hand side of Charley Fork and corners thereon

at a marked rock some distance up the fork (southward) from the 1-acre lot. The surveyor who testified for the Howards, and whose plat was accepted as correct by the findings of the trial court, frankly conceded that in order to achieve this result it was necessary to omit the first two calls of the description as contained in the deed. He testified that in making the survey on which his plat is based he did not use the deed (though he had theretofore used it in making a partial survey), but followed directions given him by Worley Howard.

■ It is admitted that when the Ralph Howards bought the one acre from Elvin White in 1947 Worley Howard owned the land in back of it on both sides of Charley Fork. Some time thereafter the Worley Howards permitted Ralph to build a house on this property (now the disputed triangle) in order to be on higher ground, since the one acre consisted mostly of a bottom. All of the Howards (other than Ralph's wife, who did not testify) now say that Ralph was never given a deed to the land on which the house was built. Garrett White contends, and it is our conclusion that the evidence unmistakably demonstrates, that the triangle on which the house is located was intended to be and was included in the conveyances to Ralph and wife in 1952 and to Garrett White in 1953.

In the first place, the description expressly calls for a beginning point at the Elvin White-Worley Howard corner. This has to be one of the corners of the 1-acre lot formerly owned by Elvin White, either the rock in Charley Fork at the southwest corner or the rock up the hill at the southeast corner. The last call identifies this rock as the one at the southeast corner, because the last call begins at the rock in the "main hollow" (Charley Cove) and runs "straight around the hill" (the same language, except for omitting the distance, as the second call of the 1-acre description) to the beginning. It

1. This is the smaller drain mentioned earlier in the opinion.

2. Evidently meaning "toward."

is no wonder that these two calls are eschewed by the Howards; they are fatal.[3]

In the second place, Worley Howard knew that Garrett White thought he was buying the house. He does not make a categorical admission to that effect, but the evidence fairly shouts it. The deal was closed in the house itself and in Worley Howard's presence. White either had moved into it already or did so shortly thereafter, and there is no suggestion that he occupied the premises through any grant from or understanding with the Worley Howards. But that is not all. Some time afterward White decided to build a barn on these same premises now in dispute and paid Worley Howard and another man to build it. Through all of this, and at no time until this litigation was in progress, did the Howards ever by word or deed indicate to Garrett White that they owned or claimed any interest in the property on which he lived and which they knew he regarded as his own. These acts and circumstances obviate any descriptive ambiguity that may otherwise have tended to obscure the intent of the parties to the respective deeds in which the 25 acres were conveyed. Cf. Hensley v. Lewis, 278 Ky. 510, 514, 128 S.W. 2d 917, 920, 123 A.L.R. 537, 540 (1939); McGiboney v. Newman, 277 Ky. 835, 840, 127 S.W.2d 860, 862 (1939). Moreover, it will be recalled that the description of the 25 acres originated in the deed from the Worley Howards to the Ralph Howards. That being so, any ambiguities are to be resolved against the Worley Howards, the parties who provided the description. Cunagin v. Parker, 303 Ky. 112, 116, 196 S.W. 2d 976, 977 (1946).

It is obvious from the testimony that when Garrett White bought the property from Ralph and Lena Howard he did not know the exact metes and bounds. Even as this suit got under way he seems to have been under the impression that the house, which had been constructed by Ralph, was within the bounds of the 1-acre lot. But whatever may have been the misapprehensions under which he labored at first, his amended complaint was pitched on the theory that the land on which the house and barn are situated is embraced within the 25-acre tract as it is described in his deed. That theory, as we view it, is correct and he was entitled to a judgment consistent with it.

As heretofore mentioned, the case began with a dispute over one of the other boundaries of the 25 acres, and while admitting that they claim title to the triangle of land on which White's house and barn are situated, the Howards have steadfastly taken the position that they are not presently "lawing" about the triangle, because, according to their version, it is not within the 25 acres. That argument begs the question, of course. Were they to prevail, the result of any further or separate "lawing" over the triangle would be foreordained.

The boundary lines of the 25-acre tract as established by the findings of fact place it entirely on the west or right-hand side of Charley Fork, thus excluding the disputed triangle adjacent to the 1-acre lot. Proceeding on that premise, the trial court concluded that White must fail because he did not prove his title from the Commonwealth or a common source, etc. Cf. Noland v. Wise, Ky., 259 S.W.2d 46, 48 (1953). The factual premise being clearly erroneous, the conclusion of law is irrelevant and inapplicable. If the house and lot are within the 25 acres, as we hold they are, a common source of title is established.[4]

The cause is affirmed in part and reversed in part with directions that the judgment be amended in accordance with this opinion.

3. The first call, incidentally, running 200 yards from the 1-acre corner to the rock at the mouth of the smaller drain, appears to give White a larger triangle than his own surveyor claims.

4. The case being essentially no more than a dispute concerning the location of boundaries, proof of title may not be necessary anyway. See Jones v. Wheeldon, 309 Ky. 184, 217 S.W.2d 221, 222 (1949).