INVESTORS HERITAGE LIFE
INSURANCE COMPANY,
Appellant,

v.

Bill COLSON, Appellee.

Bill COLSON, Appellant,

v.

John M. MAYER, Jr., Administrator of the Estate of Joseph E. Ballard, and Investors Heritage Life Insurance Company, Appellees.

Court of Appeals of Kentucky.

July 4, 1986.

Rehearing Denied Oct. 17, 1986.

Stephen P. Imhoff, Borowitz & Goldsmith, Louisville, for appellant, Colson.

Joseph J. Leary, Frankfort, for appellant, Investors Heritage Life Ins. Co.

John M. Mayer, Jr., Hanger, Engebretson & Mayer, Clarksville, Ind., for appellee, Mayer.

Before CLAYTON, COOPER and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment based upon a jury verdict finding an insurance agent liable for fraudulent misrepresentations as to the applicability of a credit life insurance policy. Investors Heritage Life Insurance also appeals from a judgment of the same court which granted the agent indemnification against the company.

In May of 1980, Joseph and Kathleen Ballard signed an installment credit contract to purchase a 1980 Ford Pinto. Included in the contract was an option to purchase credit life insurance through Investors Heritage. The Ballards elected to obtain the insurance and received the policy from an agent of Investors Heritage, Bill Colson.

In August of that same year, Mr. Ballard died as a result of cancer which he admittedly had at the time of the purchase of the insurance. When Mrs. Ballard filed a claim for the policy proceeds, the claim was denied and the premiums were refunded to her on the grounds that a "sound health" provision of the policy precluded them from recovery. Thereafter, this action was filed on behalf of Mr. Ballard's estate alleging that even though the agent, Mr. Colson, was informed of the deceased's illness, he assured the Ballards that coverage would still be provided.

Initially, summary judgments were entered in favor of both the agent and the company. However, in December of 1983, this Court reversed those judgments and remanded the cause for trial. In so doing, we recited the necessary elements which would have to be proved to support a finding of fraud and misrepresentation on the part of Colson. Additionally, we held that if the jury should determine that Colson had committed actionable fraud, the insurance company could be held liable for the acts of its agent.

Almost a year later, the case was tried before a jury which found for Mr. Ballard's estate as against Bill Colson, but which

also found for the insurance company on the grounds that the Ballards knew Colson lacked the authority to waive the "sound health" provisions of the policy. Judgment thereon was entered on December 10, 1984. On that same day, the court entered a second judgment directing a verdict in favor of Colson and against the company for the amount awarded.

On appeal, Colson argues that the jury's finding of fraudulent misrepresentations is not supported by sufficient evidence. In order to sustain an action for fraud, there must be clear and convincing evidence of (a) a material representation, (b) which is false (c) known to be false or made recklessly, (d) made with inducement to be acted upon, (e) acted in reliance thereon, and (f) causing injury. *Wahba v. Don Corlett Motors, Inc.,* Ky. App., 573 S.W.2d 357 at 359 (1978). We set forth those elements in our previous opinion in this case and the trial judge carefully included each element in the instructions to the jury. Colson contends that there was no evidence that the Ballards acted in reliance upon his alleged statement, as the contract to purchase the car was completed prior to any discussion or purchase of the insurance. We have reviewed the record and we believe there is sufficient evidence to support the jury's verdict. The court below found that the Ballards had only signed a purchase order and had not finalized the purchase and sale transactions until after the alleged assurances from Mr. Colson. Mrs. Ballard testified that they probably would not have bought the car had Mr. Colson not said they would have credit life insurance.

■ Furthermore, Colson's claim that no damages were proven because the premiums were refunded is without merit. As this Court stated in our previous opinion in this case:

One induced by fraudulent representations to enter into a contract is entitled to recover as damages, not only what he actually parted with, but benefits of the bargain. *Dempsey v. Marshall,* Ky., 344 S.W.2d 606 (1961).

Admittedly, Mrs. Ballard and Mr. Colson recall the events of May 8 and 9 somewhat differently. However, it is for the jury to weigh the evidence and judge the credibility of the witnesses. *Jones v. Wheeldon,* 309 Ky. 184, 217 S.W.2d 221 (1949). Their decision will not be reversed on appeal where, as here, there was sufficient evidence to support the verdict.

Mr. Colson's remaining arguments complain of error in the form of confusion in the instructions and refusal to admit certain testimony. We find no error or confusion in the instructions and the testimony, put in by avowal, was properly excluded from the jury as being irrelevant to the issue of when the contract became legally binding.

We come then to the appeal by Investors Heritage. There is no doubt that the proceedings below were rather unusual. As a matter of review, the instructions to the jury resulted in the following verdict:

If you find for the plaintiff under Instruction No. 4, then under this instruction you will find for the plaintiff on her claim against Investors Heritage Life Insurance Company, unless you are satisfied by the evidence;

(a) That the plaintiff knew Bill Colson, as an agent of Investors Life Insurance Company, lacked the authority to waive the terms of the policy about which you have heard evidence.

Otherwise you will find for the defendant, Investors Heritage Life Insurance Company.

We, the jury, find for the defendant, Investors Heritage Life Insurance Company.

However, prior to these instructions being given to the jury, the court had granted Colson's motion for a directed verdict against Investors Heritage. The company did not object to that motion as counsel was not present on the second day of trial.

■ We note, first, that the above instruction was erroneously given to the jury as it allowed them to determine an issue which the trial judge had already ruled

upon as a matter of law by granting Colson's directed verdict. While the instruction itself for some reason was not objected to by any party, it was erroneous in that it conflicted with the trial court's prior ruling granting a directed verdict against the company. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. CR 50.01.

 Thus, the only issue on the appeal by the company is whether the directed verdict was improperly granted. Generally, a verdict should not be directed unless, with all inferences a jury could justifiably draw from the evidence, the evidence would not be sufficient to sustain the verdict. *Spivey v. Sheeler*, Ky., 514 S.W.2d 667 (1974). Under this standard, we believe that the trial court was correct in granting a directed verdict to the agent against his company. As we stated in the earlier appeal of this case, an insurance company is generally bound by the acts of its agents when done within the apparent scope of his authority. 43 Am.Jur.2d, *Insurance*, § 119 (1982).

Investors Heritage argues that Mrs. Ballard's testimony that she knew the policy excluded coverage for a person who was not in sound health constitutes a judicial admission relieving it from any liability for its agent's misrepresentations. We disagree. While Mr. Colson may have acted outside his authority in waiving a policy provision, the test is whether the insured had notice of the limitations of the agent's authority. It has been said that an insurance agent has the power to waive policy provisions since there is a presumption of authority created by the company's holding him out as its agent. *Prudential Insurance Co. v. Jenkins*, 290 Ky. 802, 162 S.W.2d 791 (1942). In the absence of any notice to the insured of some limitation on the authority of Mr. Colson, the company is bound by the acts of its agent. *Continental Ins. Co. v. Turner*, 222 Ky. 608, 1 S.W.2d 1063 (1928). Here, there was no evidence that the Ballards knew of any limitation on Mr. Colson's authority. Thus, based upon the foregoing, we conclude that

the trial court was correct in directing as a matter of law that the insurer was liable for the fraudulent acts of its agent.

Moreover, we are inclined to agree with the judge below that the post-trial motion of Investors Heritage for judgment notwithstanding the verdict could not be granted due to the failure of counsel for the company to move for a directed verdict at the close of all the evidence. *Claspell v. Brown*, Ky., 332 S.W.2d 851 (1960); CR 50.02.

Accordingly, we conclude that despite the irregularities of the proceedings below, the judgment based upon the jury verdict against the agent, as well as the judgment granting a directed verdict against the insurer are hereby affirmed.

All concur.