Shawn N. SMITH, Appellant,

v.

Crystal N. BARGO, Appellee.

No. 2010–CA–000241–MR.

Court of Appeals of Kentucky.

Sept. 30, 2011.

Darrell L. Saunders, Corbin, KY, for appellant.

D. Randall Jewell, Barbourville, KY, for appellee.

Before CAPERTON and THOMPSON, Judges; LAMBERT,[1] Senior Judge.

## *OPINION*

LAMBERT, Senior Judge:

Shawn Smith appeals from a final judgment entered upon a jury verdict assigning him a portion of the liability arising from a motor vehicle accident. Prior to submission of the case to the jury, Smith sought and was granted a directed verdict. On submission, however, the jury found Smith partially at fault for the accident and attributed to him a portion of the liability. The trial court then entered judgment assigning Smith that portion of the liability for those damages. Upon review, we reverse and remand to the Knox Circuit Court for further proceedings consistent with this opinion.

The parties do not significantly differ in their version of the facts. On May 15, 2007, Shawn Smith was driving a Dodge Dakota pickup truck on Kentucky Highway 11 in Knox County, Kentucky. His fiancée, Crystal Bargo, was a passenger in the vehicle. In front of Smith's vehicle was a tractor trailer truck owned by Caldwell Freight Lines driven by Michael Morgan. In front of the tractor trailer was an unidentified vehicle that was travelling slowly on the highway.

Smith pulled into the left lane and was undertaking to pass the tractor trailer. Just as Smith's vehicle reached the cab of the tractor trailer, the tractor trailer started to pull into the left lane seemingly in an effort to pass the slow moving vehicle in front of it. Smith's truck was forced off of the road and into a ditch. Both he and Bargo were injured in the accident.

Bargo brought an action seeking damages in the Knox Circuit Court asserting claims against Smith and Caldwell Freight Lines. She ultimately amended her complaint to add Morgan, the driver of the tractor trailer. Smith filed a cross-claim seeking to recover damages for his injuries from Caldwell Freight Lines and Morgan.

At trial, Bargo's attorney first provided an opening statement to the jury. In that opening statement, Bargo indicated she would seek recovery from Caldwell Freight Lines and Morgan but would not present any proof that Smith was in any way at fault. At the end of that opening statement, Smith moved for a directed verdict regarding his liability. Bargo responded that she had no objection but reserved the right to amend the pleadings at the close of Caldwell Freight Line's and

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Morgan's case to be consistent with any evidence they presented regarding Smith's liability. The request for directed verdict was denied.

Bargo testified that she believed Smith did nothing wrong and was not at fault. At the close of Bargo's evidence, Smith again moved for a directed verdict. Bargo's attorney again offered no objection but did once more attempt to reserve the right to amend the pleading to be consistent with the evidence if Caldwell Freight Lines and Morgan provided any evidence of Smith's negligence. The trial court granted the motion for directed verdict and dismissed Bargo's claims against Smith. Smith remained a party, however, as it related to his claims against Caldwell Freight Lines and Morgan as well as to allow the jury to determine any apportionment of fault.

At the close of all of the evidence from all parties, Bargo moved to amend her pleadings to conform to the evidence and to reinstate her claim against Smith. Smith did not object.[2] That request was granted and the matter was submitted to the jury for its determination. The jury apportioned fault of 25% to Morgan and Caldwell Freight Lines and 75% to Shawn Smith. The trial court reduced the jury determined damages by $10,000 for basic reparation benefits paid previously and ordered recovery against Smith for 75% of the remaining damages or $19,216.94. This appeal followed.

"It has been held that the proper practice before directing a verdict in favor of one of two or more defendants is to allow the other defendant to present his testimony on the question of the liability of each

and all the defendants[.]" *Lyon v. Prater,* 351 S.W.2d 173, 175 (Ky.1961). Although such practice might have been preferable in the current case, Bargo's lack of an objection and actual agreement with the grant of a directed verdict in Smith's favor precludes her from now arguing otherwise. Bargo had the burden of proving Smith's liability in order to sustain her claim against him. She failed to offer any proof of Smith's fault, and so her claim against him was properly dismissed. *See Meyers v. Chapman Printing Co., Inc.,* 840 S.W.2d 814, 824 (Ky.1992).

Smith relies on the case of *Investors Heritage Life Ins. Co. v. Colson,* 717 S.W.2d 840 (Ky.App.1986) for his argument that once the trial court dismissed him from Bargo's claim, any resultant jury verdict against him was a nullity. In *Investors Heritage,* Ballard purchased a credit life insurance policy in conjunction with the purchase of a new automobile knowing that he was ill with cancer. Colson was the agent who sold the policy to Ballard and supposedly stated that Ballard's illness would not be a problem. When Ballard died the insurance company denied the claim because Ballard was not in "sound health" when he purchased the policy.

We reviewed the *Investors Heritage* case after the trial court granted a summary judgment in favor of the agent and the insurance company. On reversal and remand, the case was tried before a jury. In that opinion we held that if a jury determined Colson had committed fraud, the insurance company could be held liable for his acts as he was its agent.

In our second review of the *Investors Heritage* case, we noted that "[t]here is no

---

**2.** Smith was represented by two attorneys at trial. One was provided by his insurer to defend the claim against him made by Bargo. The second prosecuted Smith's cross-claim seeking recovery from Caldwell Freight Lines and Morgan for his own injuries. When the trial court granted judgment dismissing Bargo's claims against Smith, the insurer-provided attorney believed his work was finished and was absent for the remainder of the trial.

doubt that the proceedings below were rather unusual." *Id.* at 842. Prior to instructing the jury, the trial court granted Colson's motion for a directed verdict. As in Smith's case, the attorney for the insurance company departed and was not present on the second day of trial. The jury returned a verdict in favor of Ballard's estate as it related to Colson but found in favor of the insurance company believing Ballard knew Colson lacked the power to waive the "sound health" provision. Judgment was entered absolving the insurance company of any liability. On the same day however, a second judgment was entered presumably based on our holding that should a jury find against Colson, the insurance company would be liable. The trial court ordered a directed verdict against the insurance company finding it responsible for the actions of the agent.

We noted that the issue was "erroneously given to the jury as it allowed them to determine an issue which the trial judge had already ruled upon as a matter of law by granting Colson's directed verdict." *Id.* at 842–43. "[I]t was erroneous in that it conflicted with the trial court's prior ruling granting a directed verdict against the company." *Id.* at 843.

We concluded that the trial court was correct as a matter of law when it held that the insurance company was liable for the fraudulent acts of its agent. We so held "despite the irregularities of the proceedings below, the judgment based upon the jury verdict against the agent, as well as the judgment granting a directed verdict against the insurer are hereby affirmed." *Id.*

In the instant case as in *Investors Heritage,* it was error to present the question of Smith's liability to Bargo to the jury. The trial court had granted Smith's unopposed motion for a directed verdict as it pertained to Bargo's claims against him.

Although she suggested she intended to later amend her pleading to conform to the facts as presented pursuant to Kentucky Rules of Civil Procedure (CR) 15.02, she presented no new evidence that would require such amendments. Bargo repeatedly offered statements that Smith was not at fault. It was her testimony that caused the trial court to grant Smith's motion for a directed verdict as it related to her claims against him.

Later in the trial however, Morgan and Caldwell Freight Lines presented evidence that Smith was at fault. That evidence was sufficient to persuade the jury to find that Smith was 75% at fault when he tried to pass the semi-tractor-trailer driven by Morgan. But, the question of Smith's liability to Bargo had already been decided by the trial court for her failure to present any evidence supporting her claim against Smith. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. CR 50.01.

It was appropriate for the jury to determine Smith's portion of fault incident to its determination of Morgan and Caldwell Freight's fault. The error was made when the trial court then adjudged liability for that fault to Smith after he had already been dismissed from the case. The question of Smith's comparative fault as a defense to the claim against Morgan and Caldwell Freight Lines was properly before the jury. Bargo's claim against Smith, however, was not in light of the trial court's directed verdict. That claim had already been resolved.

The judgment of the Knox Circuit Court is reversed and this cause remanded for further consistent proceedings.

ALL CONCUR.